a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

VERNON NORMAN EARLE #09814-              CIVIL DOCKET NO. 1:19-CV-00104
004,                                                                            SEC P
Plaintiff

VERSUS                                                                    JUDGE DRELL

FEDERAL BUREAU OF PRISONS ET     MAGISTRATE JUDGE PEREZ-MONTES
AL,
Defendants

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §

2241 (ECF No. 1) filed by pro se Petitioner Vernon Norman Earle ("Earle").  At the

time of filing, Earle was an inmate in the custody of the Federal Bureau of Prisons

("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana.  Earle

challenges the calculation of his sentence by the BOP.

Because Earle has been released from custody, his Petition (ECF No. 1) should

be DISMISSED WITHOUT PREJUDICE.

I.      Background

Earle received multiple sentences in the District of Columbia, the maximum of

which was life imprisonment.  *See Earle v. United States*, 808 F. Supp. 2d 301, 302

(D.D.C. 2011).  Earle complains that the BOP failed to properly calculate his statutory

good time credits and earned time credits.  ECF No. 1.  He seeks an adjustment of his

parole eligibility date and a speedier release from custody.  *Id.*

1

The Government's Response to Earle's Petition indicates that Earle is eligible for release on parole on October 23, 2034.  ECF No. 18-1 at 5.  However, according to the BOP's online inmate locator service, Earle was released from custody on April 6, 2021.[1]

## II.    Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Earle has received a speedier release from custody as requested in his § 2241 Petition, the Petition is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019).   If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582

---

[1] https://www.bop.gov/inmateloc/

F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971);

*Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III.    Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Petition

for Writ of Habeas Corpus (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file

written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b).   A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court

grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted

for good cause.  A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions

adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 14, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE